JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------X
AULDREY LUFADEJU,

                Plaintiff,

      - against -

CITY OF NEW YORK, SERGEANT HERMINIO BAEZ, SHIELD 2681, POLICE OFFICER ANDY ROLLINS, SHIELD 10169, POLICE OFFICER HECTOR GOMEZ, SHIELD 5971, POLICE OFFICERS JOHN DOE 1 - 3,

                Defendants.
---------------------------------------------------------------------------------X

12 CIV 9395 (AKH)

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**ECF CASE**

### PARTIES, JURISDICTION and VENUE

1.    Plaintiff, AULDREY LUFADEJU, is a 40 year old female, who, at all times relevant to this action, was a resident of New York, Bronx County.

2.    Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes New York County.  NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3.    Upon information and belief, Defendant SERGEANT HERMINIO BAEZ, SHIELD 2681, was at all relevant times an officer with the NYPD assigned to the Criminal Investigations Section of the Intelligence Division.  All actions by BAEZ complained of herein were taken in the course of his employment and under color of

1

law. BAEZ is being sued in both his individual and official capacities.

4. Upon information and belief, Defendant POLICE OFFICER ANDY ROLLINS, SHIELD 10169, was at all relevant times a uniformed officer with the NYPD assigned to the 48th Precinct. All actions by ROLLINS complained of herein were taken in the course of his employment and under color of law. ROLLINS is being sued in both his individual and official capacities.

5. Upon information and belief, Defendant POLICE OFFICER HECTOR GOMEZ, SHIELD 5971, was at all relevant times a uniformed officer with the NYPD assigned to the 48th Precinct. All actions by GOMEZ complained of herein were taken in the course of his employment and under color of law. GOMEZ is being sued in both his individual and official capacities.

6. Upon information and belief, Defendant POLICE OFFICERS JOHN DOE 1 - 3, a fictitious name for an unknown parties, were at all relevant times members of the NYPD and assigned to the Joint Firearms Task Force. All actions by DOE 1 - 3 complained of herein were taken in the course of their employment and under color of law. DOE 1 - 3 are being sued in both their individual and official capacities.

7. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

8. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

9. A Notice of Claim was timely served upon NYC on February 27, 2012, within ninety days of December 1, 2012, the statutory date of accrual for the State claims herein.

## FACTS GIVING RISE TO THE CLAIMS

10. On June 1, 2011, at approximately 6:00 a.m., Ms. LUFADEJU was at her home in the Bronx with her husband, Darrell Robinson, and four children, ages 3 to 15.

11. At that time, Ms. LUFADEJU heard sounds at the front door of the apartment as if someone was trying to enter. Having been the victim of a home burglary about two months earlier, Ms. LUFADEJU thought this might be another break-in attempt. Mr. Robinson was already at the door trying to prevent it from opening.

12. Before Ms. LUFADEJU could reach the door to assist her husband, the door was forced open and a number of police officers, including defendants BAEZ and GOMEZ, entered the apartment with guns drawn.

13. All the occupants of the apartment, including the children, were ordered to the ground.

14. Ms. LUFADEJU explained that because of a medical history of a brain aneurysm she could not get to the ground. Instead, she was handcuffed and placed on her bed. Mr. Robinson was kept handcuffed in the livingroom and the children were separated from Ms. LUFADEJU and placed in a different room.

15. The officers had entered the apartment to execute a search warrant. No contraband was found in the apartment.

16. Defendant ROLLINS, who was stationed at the rear of the building, falsely claimed that he observed a handgun being thrown from the apartment window.

17. Ms. LUFADEJU and her husband were both arrested and Ms. LUFADEJU was charged with, *inter alia*, the felony charge of Criminal Possession of a Weapon in

3

the Third Degree.

18. While at the 48th Precinct, Ms. LUFADEJU experienced severe headaches and chest pain and was taken by Emergency Medical Services to St. Barnabas Hospital for treatment. After discharge from the hospital, she was transported to the 48th Precinct.

19. While at the precinct, she was interrogated by members of the Firearms Task Force, including JOHN DOES 1 - 3, who threatened that if she did not cooperate against her husband, her children would be taken from her.

20. Ms. LUFADEJU was eventually taken to Criminal Court, Bronx County for arraignment and released without bail on June 2, 2011.

21. Ms. LUFADEJU returned to court approximately once a month until all charges were dismissed on December 1, 2011; the charges against her had never been presented to a grand jury.

22. The dismissal of the charges occurred on the same date as a trial jury returned a not guilty verdict against Mr. Robinson for possession of the weapon at issue.

23. Throughout the course of the prosecution, Ms. LUFADEJU was offered a plea to a non-criminal violation contingent on her implicating her husband in the weapon possession. Knowing that the gun had not come from her apartment, Ms. LUFADEJU refused this offer.

24. During the pendency of the charges, Ms. LUFADEJU developed high blood pressure for which she received medical treatment.

25. As a further result of the wrongful arrest, Ms. LUFADEJU was subjected to both an administrative proceeding by the Housing Authority and a civil eviction law suit to have her and her family removed from the apartment. The eviction suit has been resolved without removal; the administrative proceeding remains pending.

26. In addition to the high blood pressure and severe headaches, Ms. LUFADEJU suffered from depression and emotional stress.

### FIRST CLAIM
(§1983 - FALSE ARREST)

27. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 26 of the Complaint as if incorporated and reiterated herein.

28. By arresting Plaintiff without legal authority, Defendants BAEZ, ROLLINS and GOMEZ, individually and acting together, violated Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

29. By reason thereof, Defendants BAEZ, ROLLINS and GOMEZ, violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

### SECOND CLAIM
(COMMON LAW - FALSE ARREST)

30. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 29 of the Complaint as if incorporated and reiterated herein.

31. By arresting Plaintiff without basis or legal authority, Plaintiff was unlawfully detained and arrested without probable cause by BAEZ, ROLLINS and GOMEZ.

32. By reason thereof, BAEZ, ROLLINS and GOMEZ caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

33. By reason thereof, and because BAEZ, ROLLINS and GOMEZ acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

### THIRD CLAIM
(§1983 - MALICIOUS PROSECUTION)

34. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 33 of the Complaint as if incorporated and reiterated herein.

35. By initiating and pursuing a criminal charge where there was no basis for such charge, BAEZ, ROLLINS, GOMEZ and JOHN DOE 1 - 3, engaged in a malicious prosecution of the Plaintiff.

36. By reason thereof, Defendants BAEZ, ROLLINS, GOMEZ and JOHN DOE 1 - 3, violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## FOURTH CLAIM
(COMMON LAW - MALICIOUS PROSECUTION)

37.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 36 of the Complaint as if incorporated and reiterated herein.

38.     By initiating and pursuing a criminal charge where there was no basis for such charge, BAEZ, ROLLINS, GOMEZ and JOHN DOE 1 - 3, engaged in a malicious prosecution of the Plaintiff.

39.     By reason thereof, BAEZ, ROLLINS, GOMEZ and JOHN DOE 1 - 3, caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

40.     By reason thereof, and because BAEZ, ROLLINS, GOMEZ and JOHN DOE 1 - 3, acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i)  On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

 iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

 iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

 v) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

 vi) Such other relief as the Court deems just and proper.

Dated: New York, New York
   December 26, 2012

         Goldberg & Allen, LLP
         Attorneys for Plaintiff

      By: _____
         Jay K. Goldberg [JG-1294]
         49 West 37th Street, 7th Floor
         New York, New York 10018
         (212) 766-3366